UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN M. GLASSER, Regional
Director of the Seventh Region of the
National Labor Relations Board, for
and on behalf of the NATIONAL
LABOR RELATIONS BOARD,

       Petitioner,

v.                                    Case No. 10-13683
                                      Honorable Patrick J. Duggan

COMAU, INC. and COMAU
EMPLOYEES ASSOCIATION,

       Respondents.

_____/

**OPINION AND ORDER DENYING RESPONDENT COMAU INC.'S MOTION
FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE
11**

       On September 15, 2010, Stephen M. Glasser, as Regional Director of the Seventh

Region of the National Labor Relations Board (the "NLRB" or "Board"), filed a petition

on behalf of the Board, seeking interim injunctive relief pursuant to § 10(j) of the

National Labor Relations Act ("NLRA"), 29 U.S.C. § 160(j). The petition for injunction

followed charges of unfair labor practices allegedly committed by Comau, Inc.

("Comau") and Comau Employees Association ("CEA"), a labor union. In an opinion

and order entered February 10, 2011, this Court denied the petition. Presently before the

Court is Respondent Comau's motion for Rule 11 sanctions, filed March 8, 2011. The

motion has been fully briefed. On June 28, 2011, this Court issued a notice informing the

parties that it is dispensing with oral argument with respect to the motion pursuant to Eastern District of Michigan Local Rule 7.1(f).

In support of the Section 10(j) petition for injunctive relief, Petitioner submitted the affidavit of David Baloga which was verified by Petitioner's counsel Darlene Haas Awada. In his affidavit, Mr. Baloga characterized the attendance at certain union meetings. In response to the Petition, Comau filed a motion to dismiss and for sanctions. Comau argued that Rule 11 sanctions were warranted because the petition was frivolous and Mr. Baloga's affidavit was "intentionally misleading" and "selectively construed" to provide an inaccurate picture of meeting attendance. In its reply to the petition, however, Comau noted that it was "premature to argue about sanctions" and that it included its request for sanctions to provide "fair warning" to Petitioner until the underlying issues are resolved that it may be seeking sanctions.

On February 10, 2011, this Court issued an opinion and order denying Petitioner's request for injunctive relief and dismissing the Section 10(j) petition. (Doc. 68.) In its analysis of the petition, the Court specifically rejected Petitioner's evidence with respect to attendance at union meetings:

> The Court flatly rejects . . . the Board's evidence of a change in ASW/MRCC meeting attendance after March 1, 2009, to demonstrate a causal connection between Comau's implementation of the new health care plan and disaffection. (See Doc. 1 Ex. 18.) David Baloga's assertion in his affidavit, notably prepared by Petitioner's counsel, that membership at ASW/MRCC meetings began to drop after March 1 is contrary to the meeting records and appears intentionally misleading. (Doc. 34 Ex. D Tabs 1, 3.) In fact, attendance at ASW/MRCC meetings after March 1, 2009 was frequently higher than at the same time the previous year.

(*Id*. at 25.)  Despite this finding, the Court dismissed without prejudice Comau's request

for sanctions based on Comau's indication that it was "premature" to seek sanctions and

that its request was simply a "warning" to Petitioner.  (*Id*. at 14 n.6.)  The Court indicated,

however, that it "will allow Comau to re-file its request for sanctions if it chooses to do so

once the petition for injunction is resolved. At that time, Comau can argue why, based on

the resolution of the underlying issues, sanctions are appropriate."  (*Id*.)

On March 8, 2011, Comau did just that and filed a motion for sanctions pursuant

to Federal Rule of Civil Procedure 11.  Comau contends that "Ms. Awada appears to have

engaged in professional misconduct by deliberately crafting the Baloga Affidavit in a

misleading, and thus untruthful, fashion."  (Mot. ¶ 12.)  Comau seeks sanctions in the

amount of the additional attorneys' fees it incurred to respond to Petitioner's allegations

associated with the affidavit and to prepare its Rule 11 motion, specifically $7,353.50.  In

response to the motion, Petitioner argues that Comau failed to satisfy the procedural

requirements for seeking Rule 11 sanctions and that sanctions are unwarranted.

Rule 11 sets forth the following requirements for filing a motion for sanctions:

> A motion for sanctions must be made separately from any other motion and
> must describe the specific conduct that allegedly violates Rule 11(b).  The
> motion must be served under Rule 5, but it must not be filed or presented to
> the court if the challenged paper, claim, defense, contention, or denial is
> withdrawn or appropriately corrected within 21 days after service or within
> another time the court sets. . . .

Fed. R. Civ. P. 11(c)(2).  The Sixth Circuit has interpreted this provision as a mandatory

"safe harbor" prerequisite to seeking Rule 11 sanctions.  *See Ridder v. City of Springfield*,

3

109 F.3d 288, 296 (6th Cir. 1997).  This requires the movant to serve the Rule 11 motion "on the opposing party for the full twenty-one day 'safe harbor' period before it is filed with or presented to the court" and to file the motion "prior to final judgment or judicial rejection of the offending contention."  *Id*. at 297.

Comau has not complied with Rule 11's strict procedural requirements.  Comau did not serve Petitioner with the *pending* Rule 11 motion twenty-one days prior to filing or presenting the motion to the Court.  Moreover, the motion comes after final judgment and this Court's rejection of the offensive evidence.  This Court therefore must deny Comau's request for sanctions.[1]

Accordingly,

**IT IS ORDERED**, that Respondent Comau, Inc.'s motion for sanctions pursuant to Federal Rule of Civil Procedure 11 is **DENIED**.

Date:  June 30, 2011                           s/PATRICK J. DUGGAN
                                               UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record

---

[1]Comau asks the Court to consider imposing sanctions against Petitioner on its own initiative if the Court concludes that Rule 11's safe harbor provision bars Comau's request. While Rule 11 permits a court to order an attorney, law firm, or party to show cause why conduct does not violate the rule, *see* Fed. R. Civ. P. 11(c)(3), the Court is not inclined to do so in this instance.

4