UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN M. GLASSER, Regional
Director of the Seventh Region of the
National Labor Relations Board, for
and on behalf of the NATIONAL
LABOR RELATIONS BOARD,

        Petitioner,

v.                                            Case No. 10-13683
                                            Honorable Patrick J. Duggan

COMAU, INC. and COMAU
EMPLOYEES ASSOCIATION,

        Respondents.
_____/

## OPINION AND ORDER DENYING RESPONDENT COMAU INC.'S MOTION TO RECOVER ATTORNEY FEES PURSUANT TO 28 U.S.C. § 2412 AND 1927

On September 15, 2010, Stephen M. Glasser, as Regional Director of the Seventh Region of the National Labor Relations Board (the "NLRB" or "Board"), filed a petition on behalf of the Board, seeking interim injunctive relief pursuant to § 10(j) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 160(j). The petition for injunction followed charges of unfair labor practices allegedly committed by Comau, Inc. ("Comau") and Comau Employees Association ("CEA"), a labor union. In an opinion and order entered February 10, 2011, this Court denied the petition. Presently before the Court is Respondent Comau's motion for attorney fees pursuant to 28 U.S.C. §§ 2412 and 1927, filed March 8, 2011. The motion has been fully briefed. On June 28, 2011, this Court issued a notice informing the parties that it is dispensing with oral argument with

respect to the motion pursuant to Eastern District of Michigan Local Rule 7.1(f).

Comau seeks an award of attorney fees pursuant to 28 U.S.C. § 2412 based on Petitioner's submission of the affidavit of David Baloga (hereafter "Baloga affidavit") in support of the Section 10(j) petition for injunctive relief. Comau simultaneously, in a separate motion, sought sanctions for the same conduct pursuant to Federal Rule of Civil Procedure 11. This Court denied Comau's Rule 11 motion in an opinion and order entered June 30, 2011, because Comau failed to comply with the rule's "safe harbor" provision.

In our system of justice, each party ordinarily must bear its own attorney fees. *See BDT Products, Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 752 (6th Cir. 2010) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247, 95 S. Ct. 1612, 1616 (1975) ("Generally, fee shifting is prohibited under the "American Rule," which is "deeply rooted in our history and in congressional policy.") There are exceptions to this rule, however, such as the Equal Access to Justice Act ("EAJA"). The EAJA provides that in any civil action brought by or against the United States or any agency, "a court may award reasonable fees and expenses of attorneys" to the prevailing party, and that "[t]he United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award." 28 U.S.C. § 2412(b).

Comau relies on the "bad faith" exception to the American Rule to pursue attorney fees under § 2412(b). This exception permits a court to assess attorney fees against a

2

party pursuant to the court's inherent powers "when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46, 111 S. Ct. 2123, 2133 (quoting *Alyeska Pipeline Serv. Co.*, 421 U.S. at 258-59, 95 S. Ct. at 1622-23). The Sixth Circuit Court of Appeals has set forth three factors that a district court must find before awarding attorney fees under the bad faith exception: "(1) that the position advanced or maintained by a party was meritless, (2) that the meritlessness was known to the party, and (3) that the position was advanced or maintained for an improper purpose, such as harassment." *Griffin Industries, Inc. v. United States EPA*, 640 F.3d 682, 685 (6th Cir. 2011) (*citing BDT Products*, 602 F.3d at 752).

The Sixth Circuit has cautioned that, "[b]ecause an award of attorney fees under the EAJA for bad faith is extraordinary and punitive, a 'stringent standard' must be met to justify the award." *Id*. (quoting *Bergman v. United States*, 844 F.2d 353, 357 (6th Cir.1988)). The movant must demonstrate the opposing party's "subjective bad faith." *Id*.

In its opinion and order denying the petition for injunctive relief, this Court indicated that the Baloga affidavit "*appears* intentionally misleading" in that it asserted that attendance at certain union meetings began to drop after a certain date when the meeting records contradicted this assertion. (Doc. 68 at 25 (emphasis added).) The Court did not find that Petitioner's counsel who prepared the Baloga affidavit, Haas Awada, actually intended to mislead the Court. The Court is not in a position to make that finding

now.

Most significantly, this Court found the affidavit misleading based on attendance figures for union meetings in 2008. However, according to Ms. Awada's affidavit submitted in response to Comau's Rule 11 motion, she did not have the figures from those meetings before her when she prepared the Baloga affidavit and she did not believe she could rely on them because they had not been submitted during the administrative proceedings. (Doc. 84 Ex. 1 ¶ 9.) Absent a finding of Ms. Awada's subjective bad faith, the Court declines to award Comau attorney fees pursuant to § 2412(b).

Comau also seeks attorneys fees pursuant to 28 U.S.C. § 1927 based on Petitioner's counsel's conduct in response to Comau's discovery requests for certain internal agency documents. Comau argues that Petitioner's conduct was vexatious and unnecessarily multiplied the proceedings. Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

As the Sixth Circuit has described, "[t]he purpose [of § 1927 sanctions] is to deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006) (citing *Jones v. Continental Corp.*, 789 F.2d 1225, 1230-31 (6th Cir.1986)). Section 1927 sanctions require a showing of something less than subjective

bad faith, but something more than negligence or incompetence. *Id*. (citations omitted). "[A]n attorney is sanctionable when he [or she] intentionally abuses the judicial process or knowingly disregards the risk that his [or her] actions will needlessly multiply proceedings." *Id*.

Having reviewed the transcripts of the proceedings before Magistrate Judge Morgan, this Court believes that Petitioner's counsel is at most at fault for failing to provide a privilege log immediately in response to Comau's discovery requests. This would have informed Comau's attorneys from the start of the documents at issue and perhaps avoided Comau's attorneys sense that Petitioner's counsel was "hiding the ball." The Court nevertheless does not believe that this conduct warrants sanctions.

At the November 22, 2010 hearing before Magistrate Judge Morgan, Petitioner's counsel explained that she had not yet provided the privilege log because Petitioner had filed for a protective order. (Doc. 74 Ex. C at 20.) This response, while perhaps reflecting negligence or incompetence, does not suggest that counsel intentionally abused the judicial process or knowingly disregarded that her actions might needlessly multiply the proceedings. Further, Petitioner's counsel was prepared to and did present a privilege log at the hearing. This Court ultimately reviewed *in camera* the documents that were at issue and the Court believes they in fact are protected by the attorney-client privilege and do not contain the information that Comau's attorneys hoped they would find therein.

For these reasons, the Court concludes that an award of attorney fees as § 1927

sanctions are not warranted.[1]

Accordingly,

**IT IS ORDERED**, that Respondent Comau, Inc.'s motion for attorney fees pursuant to 28 U.S.C. §§ 2412 and 1927 is **DENIED**.


Date:  August 23, 2011               s/PATRICK J. DUGGAN
                                     UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record

---

[1]This Court does believe that Petitioner's counsel could have cooperated more with Comau's counsel and been more forthright about the contents of the documents at issue, heeding more (as Magistrate Judge Morgan suggested) to the agency's responsibility to the public.  This likely would have staved off Comau's counsel's need to file discovery motions and the animosity that developed between counsel.  Nevertheless, the Court still does not believe that counsel's conduct calls for sanctions.